# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ANTHONY BOLEN,** *et al.*, ) | CASE NO. 4:08-cv-02988-PCE |
| ) | |
| Plaintiffs, ) | JUDGE PETER C. ECONOMUS |
| ) | |
| **v.** ) | |
| ) | |
| **RWJ CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, TO PROCEED AS A COLLECTIVE ACTION FOR PURPOSES OF SETTLEMENT ONLY, TO ISSUE NOTICE OF SETTLEMENT TO CLASS MEMBERS, AND TO SET FAIRNESS HEARING

This matter comes on for hearing upon the Joint Motion filed by Plaintiffs Anthony Bolen, Robby Burchfield, John Barker, William Raabe, Gary Collard and Kim Nezbeth and Defendant RWJ Corporation (collectively the "Parties"), for an Order granting Preliminary Approval of the parties' proposed Joint Stipulation of Settlement and Release ("Stipulation of Settlement") and further requesting that the Court issue an Order: (1) granting preliminary approval of the Parties' proposed Joint Stipulation of Settlement and Release ("Stipulation of Settlement"), a copy of which is attached to the Stipulation of Settlement; (2) finding the Stipulation of Settlement to meet the standards for settlement of a collective action under 29 U.S.C. §216(b) and preliminarily certifying this matter to proceed as a collective action under 29 U.S.C. §216(b); (3) approving the form and content of the Parties' proposed Notice of Pendency of Collective Action and Opportunity to Opt-In, Proposed Settlement and Hearing Date for Court

Approval ("Notice of Settlement"), a copy of which is attached to the Stipulation of Settlement; (4) approving the form and content of the Parties' proposed Consent to Join Settlement ("Consent"), a copy of which is attached to the Stipulation of Settlement; (5) directing the mailing of the Notice of Settlement, Consent, and Limited Waiver and Release by first class mail to the potential Settlement Class Members; and (6) scheduling a date for a fairness hearing on the question of whether the proposed Stipulation of Settlement should be finally approved as fair, adequate and reasonable as to the proposed Settlement Class.

Upon said Motion and attached Exhibits and Memorandum of Law, the Court finds as follows:

1.    On December 23, 2008, Anthony Bolen, Robby Burchfield, John Barker, William Raabe, Gary Collard and Kim Nezbeth ("Plaintiffs") commenced an action (Collective Action) against RWJ Corporation ("RWJ" or "Defendant"), on behalf of themselves and other similarly situated individuals (Docket No. 1) in the United Stated District Court for the Northern District of Ohio, Eastern Division. In their Complaint, Plaintiffs allege that RWJ failed to pay Plaintiffs and other similarly situated individuals overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.  RWJ denies all of Plaintiffs' allegations.

2.    Plaintiffs allege that RWJ, a corporation in the business of installing, maintaining and repairing fire sprinkler systems, failed to pay Sprinkler Fitter Leadmen, Fitter Helpers and Helper/Laborers ("Sprinkler Fitters") overtime for reporting to and performing work duties in the morning prior to going to the jobsite, for transporting trucks and material to the jobsite, for transporting trucks and materials back to the shop from the jobsite and for unloading materials and refueling trucks at the shop at the end of the workday.  Plaintiffs allege that by not paying them and other putative class members time and one-half for all their hours worked over forty

(40) in any one workweek, Defendant violated federal wage laws. RWJ expressly denies these allegations and any violation of law.

3. Since the commencement of this Action, no other current or former employee of RWJ other than the Named Plaintiffs has opted in to the Action or commenced another litigation arising from the same operative nucleus of facts.

4. The Parties engaged in discovery relative to Plaintiffs' Claims on behalf of themselves and a putative class of allegedly similarly situated persons. There are thirteen (13) current or former employees of RWJ, including Representative Plaintiffs, who constitute the Settlement Class. To facilitate Class Counsel's evaluation of the Claims, RWJ has provided Class Counsel with available records of potential Settlement Class Members.

5. On June 26, 2009 the Parties engaged in a three (3) hour arm's length negotiation with the assistance of a neutral. On October 21, 2009 the Parties engaged in an additional three (3) hours of negotiations. As a result of those negotiations, the Parties reached an agreement to settle this matter on the terms set forth more fully in this Stipulation of Settlement.

6. The Parties agree and the Court finds that the matter satisfies the requirements of 29 U.S.C. §216(b) and certifies this matter for settlement purposes only pursuant to 29 U.S.C. §216(b) and Rule 23(e) of the Federal Rules of Civil Procedure.

7. The Parties agree and the Court finds that the Stipulation of Settlement meets the standards for settlement under 29 U.S.C. §216(b) and Rule 23(e) of the Federal Rules of Civil Procedure, and the Court preliminarily certifies this matter to proceed as a collective action under 29 U.S.C. §216(b), solely for the purpose of implementing the terms of this Stipulation of Settlement.

8. The Parties agree and the Court finds that the Named Plaintiffs shall mean

Anthony Bolen, Robby Burchfield, John Barker, William Raabe, Gary Collard and Kim Nezbeth, all of whom worked as Sprinkler Fitters for RWJ Corporation during the period of December 23, 2006 - December 23, 2008 ("Named Plaintiffs Covered Period"), and worked 40 hours or more in at least one workweek.

      9.      The Parties agree and the Court finds that the Settlement Class shall mean all Sprinkler Fitter employees of RWJ Corporation, other than the Named Plaintiffs, during the period of December 23, 2007 – February 10, 2009 ("Settlement Class Covered Period"), and worked 40 hours or more in at least one workweek.

      10.      The Parties agree and stipulate and the Court finds that Plaintiffs are similarly situated to the proposed Settlement Class they seek to represent in this collective action; that preliminary certification of this matter as a collective action under 29 U.S.C. §216(b) is appropriate; and that certification of a class for settlement purposes only is appropriate under 29 U.S.C. §216(b).

      11.      "Settlement Amount" means the maximum aggregate amount of all payments RWJ may be obligated to pay in settlement of this matter, but in no event to exceed a total of $59,782.42.  The Settlement Amount is the aggregate of the following: 1) Settlement Payments to the Named Plaintiffs in a combined total up to a maximum of $29,406.28, minus all applicable withholdings; 2) Settlement Payments to the Settlement Class Members in a combined total up to a maximum of $30,376.14, minus all applicable withholdings; and, 3) attorney's fees and costs in the amount of Twenty Eight Thousand Fifty Dollars ($28,050.00). The Court finds Plaintiffs to be sufficient representatives of the proposed Settlement Class; the Settlement Amount to be within the range of fairness, reasonableness and adequacy; and the settlement payment of attorneys' fees and expenses to be appropriate.

12. Class Counsel represent and the Court finds that they have conducted an investigation into the facts of this case, and have diligently pursued an investigation of the putative class members' Claims against RWJ including: (1) interviewing each of the Named Plaintiffs and analyzing the results of those interviews; (2) reviewing relevant documents; (3) researching applicable law and the potential defenses to liability and class certification; and (4) performing data analyses. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Stipulation of Settlement is fair, reasonable and adequate and is in the best interest of the proposed class members in light of all known facts and circumstances, including the risk of significant delay, and defenses asserted by RWJ.

13. Class Counsel and RWJ agree and stipulate and the Court hereby finds that that the Stipulation of Settlement is fair, reasonable and adequate.

14. The Parties agree and represent, and the Court hereby finds, that the Stipulation of Settlement and its terms were bargained for at arm's length and are not the product of fraud, duress or collusion.

15. The Parties stipulate and agree, and the Court finds, that the form and content of the Notice and Consent to Settlement Class Members are sufficient and provide adequate opportunity for Settlement Class Members to opt-in to this Action for purposes of participating in the settlement that is the subject of the Stipulation of Settlement.

IT IS THEREFORE ORDERED:

That upon said Motion and attached Exhibits and Memorandum of Law, the Joint Motion for Preliminary Approval of Settlement, to Proceed as a Collective Action for Purposes of Settlement Only, to Issue Notice of Settlement to Class Members, and to Set Fairness Hearing be and is hereby GRANTED. The Parties' Motion requesting that the Court issue an Order: (1)

granting preliminary approval of the Parties' proposed Joint Stipulation of Settlement and Release ("Stipulation of Settlement") is GRANTED; (2) finding the Stipulation of Settlement to meet the standard for preliminary certification as a collective action under 29 U.S.C. §216(b) is GRANTED; (4) approving the form and content of the Parties' proposed Notice of Pendency of Collective Action and Opportunity to Opt-In, Proposed Settlement and Hearing Date for Court Approval ("Notice of Settlement") is GRANTED; (5) approving the form and content of the Parties' proposed Consent to Join Settlement ("Consent") is GRANTED; (6) directing the mailing of the Notice of Settlement, Consent and Limited Waiver and Release by first class mail to the potential Settlement Class Members is GRANTED; and, (7) scheduling a date for a fairness hearing on the question of whether the proposed Stipulation of Settlement should be finally approved as fair, adequate and reasonable as to the proposed Settlement Class and Other Settlement Parties is GRANTED.

The fairness hearing to determine whether the proposed Stipulation of Settlement should be finally approved as fair, adequate and reasonable as to the proposed Settlement Class Members shall be scheduled for and shall commence on Tuesday, March 30, 2010, at 10:00a.m.

IT IS SO ORDERED.

| | |
|---|---|
| January 21, 2010 | /s/ Peter C. Economus |
| Date | Hon. Peter C. Economus |
| | United States District Court Judge |